394 So.2d 847 (1981)
Dana Kirk "Danny" BROWN and Carolyn W. Brown, Plaintiffs-Appellants,
v.
Jeanette S. GRIGSBY and Casualty Reciprocal Exchange, Defendants-Appellees.
No. 8055.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1981.
*848 McLure & McLure, John C. Pickels, Alexandria, for plaintiffs-appellants.
Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendants-appellees.
Before DOMENGEAUX, STOKER, and LABORDE, Judges.
STOKER, Judge.
This is a suit for personal injuries brought by a husband and wife. Their alleged damages arose out of an automobile accident which occurred on November 26, 1978, in Rapides Parish. The defendants in the case are Jeanette S. Grigsby and her insurer, the Casualty Reciprocal Exchange. Following a jury trial the trial court directed a verdict in favor of the plaintiffs on the issue of liability and submitted the question of quantum to the jury. The jury made no award of general damages to either plaintiff and awarded plaintiff-appellant Carolyn Brown special damages in the amount of $48.00 and awarded plaintiff-appellant Dana Kirk "Danny" Brown special damages in the amount of $377.50. Plaintiffs-appellants have appealed from the judgment entered on this verdict.
The defendants did not admit liability nor did they seriously contest liability. The defendants do not complain here of the trial court's action in directing a verdict on the issue of liability. The defendants agree that the jury could not refuse to award general damages to plaintiffs who present objective symptoms of injury. Robinson v. General Motors Corporation, 328 So.2d 751 (La.App. 4th Cir. 1976) and Moss v. Security National Insurance Company, 350 So.2d 247 (La.App. 3rd Cir. 1977), writ denied, 352 So.2d 239 (La.1977). Consequently, the issue in this appeal is limited to the question of general damages sustained by the plaintiffs-appellants and quantum award for these general damages. It devolves upon us as an appellate court to fix general damages where the jury awarded none. Under the circumstances, we are guided by the principles of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). See Moss v. Security National Insurance Company, supra.
Plaintiff Danny Brown's principal claim is that he sustained psychological injuries which were caused by trauma he received in the accident and incidents which flowed therefrom. We have carefully examined the record, the expert testimony (none of which supports Danny Brown's claim), and all the arguments submitted on Danny Brown's behalf. After a full consideration of all factors and arguments in favor of Danny Brown we have concluded that, if Danny Brown has sustained any psychological injuries or has any psychological problems, they do not stem from the accident of November 26, 1978. Hence, there is no causal connection between any psychological complaint he may have and the negligence of defendant Jeanette Grigsby. Danny Brown's recovery will be confined to his physical injuries.
The accident in question was a rear-end automobile collision involving a minor impact. At some time on the day of the accident Dr. Robert K. Rush saw Danny Brown and diagnosed a cervical and lumbar strain with spasms. On the following day Dr. Rush recommended physical therapy. Thereafter Danny Brown was treated at the medical facilities at Fort Polk, Louisiana, where he was stationed. Brown's treatment and diagnosis were complicated by the fact that subjective factors soon began to play a major part in the complaints which he related to the physicians. The thesis plaintiff-appellant Danny Brown urges before us is somewhat novel. He claims to have been perfectly normal physically and mentally prior to the accident. As a result of the accident in which he sustained legitimate complaints, he expected *849 treatment at Fort Polk. However, plaintiff contends that the physicians at Fort Polk refused to take his complaints seriously and that he became caught up in certain bureaucratic delays and mismanagement. Danny Brown maintains these experiences brought on a mental illness which was initially triggered by the accident. We can see no connection between the accident and any difficulties Brown experienced with the Fort Polk medical authorities.
Based on what appear to be Danny Brown's purely physical injuries we believe that the sum of $2,000 in general damages would fully compensate him. Under the circumstances of this case we find that appellant Danny Brown has not established any entitlement to loss of past earnings or loss of future earnings. Inasmuch as we do not find any causal connection between any mental condition from which Danny Brown may suffer and the automobile accident, we do not reach the issues brought up by plaintiff-appellant's specification of error relating to the exclusion of testimony by Dr. Hearn, a psychologist, called to testify regarding Danny Brown's employability.[1] For the same reason we do not reach the issue of whether Dr. Hearn's professional fees are recoverable.
Plaintiff-appellant, Carolyn W. Brown, sustained an injury to her right leg. On the day of the accident Carolyn complained to the emergency room doctor of a headache, swelling leg, and upset stomach. She was given an injection for her upset stomach, headache and the leg pain. The testimony establishes that she missed two days of work and limped around for approximately two weeks because of her bruised leg. We believe that $300 will adequately compensate Mrs. Brown for her slight injuries.
For the foregoing reasons we affirm the judgment of the trial court in all respects except insofar as it fails to award plaintiff-appellants any sum to compensate them for general damages. We amend the judgment to award plaintiff-appellant Carolyn W. Brown a total of $348 in damages and to award plaintiff-appellant Dana Kirk "Danny" Brown a total of $2,377.50 in damages. All costs of this appeal are assessed to defendants-appellees.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] The accident occurred on November 26, 1978. Danny Brown was separated from the Army on September 18, 1979. The trial was held on May 19, 1980.