631 So.2d 1254 (1994)
Rose Marie BUTLER
v.
EASTERN COLLEGE OF HEALTH VOCATIONS, INC. And National Fire Insurance Company of Hartford.
No. 93-CA-704.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 1994.
*1255 Thomas A. Gennusa, II, Jack P. Ruli, Jr., Metairie, for plaintiffs-appellees.
Charles M. Ponder, III, Hulse, Nelson & Wanek, New Orleans, for defendants-appellants.
Before KLIEBERT, WICKER, and GOTHARD, JJ.
GOTHARD, Judge.
Defendants, Eastern College of Health Vocations, Inc. and its insurer, National Fire Insurance Company of Hartford, appeal a judgment of the trial court awarding plaintiff, Rose Marie Butler, damages as a result of a slip and fall. We affirm.
Ms. Butler, a student of the Eastern College of Health Vocations, was attending classes on March 19, 1987. As part of her laboratory instruction in the Medical Assistant Program, she proceeded to the bathroom *1256 of the college to collect a urine specimen for examination. There was a line of students waiting to take their turn to use the bathroom to collect urine as required by the laboratory teacher.
Photographs entered into evidence show that the bathroom, on the second floor of the college, is a small room with a toilet and a basin which accommodates only one person at a time. As one of the students came out and held open the door, Ms. Butler entered the room. As she did so, she tripped and fell on a toilet plunger. She landed on her back on the bathroom floor. She testified that she did not see the plunger until after she tripped on it. There was testimony that the plunger was normally kept along side the toilet, but on at least one occasion the plunger had been used by the students to prevent closure of the bathroom door, which locked automatically. Ms. Butler said that she was focused on the mission to obtain a urine sample and was somewhat apprehensive about analyzing the sample correctly.
Essie Hennie, one of the clinical instructors at the college, testified that she witnessed Ms. Butler's fall. Ms. Hennie stated that she was washing her hands in the bathroom when Ms. Butler walked into the room, slipped and fell. Ms. Hennie and several students helped Ms. Butler to her feet after the accident. Ms. Hennie took an accident report and gave it to officials at the school.
On the second day after the accident, Ms. Butler sought medical treatment at the South Louisiana Medical Center emergency room and was diagnosed as having a strained back. Because the pain continued, Ms. Butler consulted Dr. Gary Guidry about one week later. Dr. Guidry conducted a series of tests, prescribed medication and ordered physical therapy. The conservative treatment continued, with only limited success. Ms. Butler testified that she is still in pain.
Dr. Guidry's deposition was introduced into evidence. Dr. Guidry stated that, because the pain persisted, he ordered a CAT scan done on March 15, 1988. That test revealed a two to three millimeter central bulge of the disc in a fifteen millimeter canal at L4-L5 in the lumbar region. The cervical region appeared normal. Dr. Guidry testified that such a finding indicates an injured or herniated disc. An MRI done on March 28, 1988, was consistent with the CAT scan and shows a focal posterior herniation of the L4 disc projecting three to four millimeters. There is no indication of nerve root impingement.
Dr. James Williams, an orthopaedic surgeon, testified for the defense. He stated that he reviewed the medical records and examined Ms. Butler once on August 22, 1989. He found no objective findings or clinical evidence of injury. He opined that any abnormality revealed by the tests was degenerative rather than trauma induced. In rebuttal, Dr. Guidry pointed out that, while findings such as Ms. Butler's were often caused by degeneration, Ms. Butler was only twenty-one years old. Thus, he found the damage more likely due to the fall.
On appeal the defendants assign three errors: that the trial court erred in finding that the defendant, Eastern College, breached a duty to the plaintiff; in failing to find or assign fault to the plaintiff; and in awarding damages.
The issue of liability in this matter is determined by a consideration of the principles of the duty/risk analysis. Mundy v. Dept. of Health & Human Res., 620 So.2d 811 (La.1993). Those principles require plaintiff to prove that the conduct in question was the cause-in-fact of the injury, that the defendant owed a duty of care to plaintiff which encompassed the harm caused, and that duty was breached by the defendant. Mundy v. Dept. of Health & Human Res., supra. Whether a duty is owed is a question of law. Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289 (La.1993); Mundy v. Dept. of Health & Human Res., supra. Whether defendant has breached a duty owed is a question of fact. Mundy v. Dept. of Health & Human Res., supra.
The general duty of an owner or operator of a facility is to exercise reasonable care for the safety of persons on his premises and not to expose them to unreasonable risks of injury or harm. Mundy v. Dept. of Health & Human Res., supra. An owner or operator must act as a reasonable man in the *1257 management of his property, in view of the probability of injury to others. Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976); Katsanis v. State Farm General Ins. Co., 615 So.2d 1114 (La.App. 5th Cir.1993), writ denied 617 So.2d 942 (La. 1993).
Given the small confines of the room in question, and the testimony that the plunger was used on at least one occasion as a door prop, we cannot say the finding of liability on the part of the defendant was manifestly erroneous.
The defendants also argue that the plaintiff should have been charged with some degree of comparative negligence because she should have observed the plunger on the floor and avoided it.
The property owner or operator is not the insurer of his premises. His duty is to act reasonably. Langley v. oxford Chemicals, Inc., 559 So.2d 520 (La.App. 2nd Cir. 1990); Katsanis v. State Farm General Ins. Co., supra. The determination of what the plaintiff knew regarding the risk of injury is made after fault on the part of the defendant has been established, and is governed by the comparative fault principles enunciated in La.Civ.Code art. 2323. Murry v. Ramada Inns, 521 So.2d 1123, 1136 (La.1988). Those principles dictate that the trier of fact must consider both the nature of the conduct of each party and the extent of the causal relation between the conduct and the damages. Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985); Katsanis v. State Farm General Ins. Co., supra. Our review of the facts in this matter reveals no manifest error in the finding of the trial court that the plaintiff was not negligent.
The trial court awarded $12,500.00 in general damages and $3,835.00 in past medical expenses. We have also reviewed the award of damages and find no error.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant.
AFFIRMED.