796 So.2d 802 (2001)
Donald TAYLOR and Rita Taylor
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.
No. 01-0317.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*804 James P. Ryan, Morrow, James Steven Gates, Patrick Craig Morrow Jr., Morrow, Ryan & Bassett, Opelousas, LA, for Donald Taylor, Rita Taylor.
Preston D. Cloyd, Taulbee & Escott, L.L.C., Lafayette, LA, for State Farm Mutual Automobile Insurance Company, Bertha Smith.
John William Penny Jr., Penny & Hardy, Lafayette, LA, for Allstate Indemnity Company.
Travis Ron LeBleu, Egan, Johnson and Stiltner, Baton Rouge, LA, for Louisiana Workers' Compensation Corporation.
Court composed of ULYSSES GENE THIBODEAUX, SYLVIA R. COOKS, and JOHN D. SAUNDERS, Judges.
SAUNDERS, Judge.
This appeal arises from a judgment for damages as a result of personal injuries. The trial court found both plaintiff and defendant to be fifty percent at fault. In addition, the trial court awarded damages for medical expenses while electing not to award general damages. Both parties in the litigation are appealing. The defendant appeals the finding of fifty percent fault and the awarding of medical expenses. *805 Plaintiffs appeal the amount of medical damages awarded and the failure to award general damages. On appeal, we affirm in part and reverse in part. We find the trial court properly held both parties to be fifty percent at fault; however, finding an abuse of discretion by the trial court, we award the full amount of medical expenses and general damages to plaintiffs subject to apportionment in accordance with fault.

FACTS
This matter arises out of an accident that occurred on April 22, 1998. At the time of the accident, the plaintiff, Donald Taylor, was operating a forklift in the course of his employment with Louisiana Safety Systems in Lafayette Parish, Louisiana. Mr. Taylor (age 49 at the time of the accident) was a laborer and equipment operator for Louisiana Safety Systems. He had worked for Louisiana Safety Systems since 1991, earning $8.00 per hour.
Mr. Taylor was operating a forklift on the private drive of Louisiana Safety Systems, also known as Alligator Road. This private drive provides access from the Evangeline Thruway Frontage Road South of Lafayette to Louisiana Safety Systems. The accident occurred at approximately 5:00 p.m. Mr. Taylor was still working and Bertha Smith was exiting the Louisiana Safety Systems' facility. Mr. Taylor was operating a forklift and attempted to make a left turn from Alligator Road into a parking lot on the Louisiana Safety Systems' premises. Both Mr. Taylor and Bertha Smith were traveling in a westerly direction and upon encountering the forklift, Ms. Smith initiated a passing maneuver. While in the process of passing, Ms. Smith's vehicle collided with Mr. Taylor's forklift. The plaintiffs claim, as a consequence of the accident, Mr. Taylor suffered personal injuries resulting in medical expenses, loss of earning capacity, and pain and suffering. In addition, Rita Taylor (wife of Donald Taylor) claims damages for loss of consortium.
Prior to the accident, Mr. Taylor had received medical treatment for various injuries to his neck and lower back. In 1995, Mr. Taylor suffered from a herniated disk in his neck and underwent a cervical fusion. Approximately five months after the surgery, Mr. Taylor was able to successfully return to work. Additionally, Mr. Taylor was involved in an automobile accident in 1996 from which he suffered an aggravation of his neck and back pain. In October of 1997, Mr. Taylor again re-injured his neck and back as a result of jumping off his forklift. Mr. Taylor's treating physician (Dr. Muldowny) subsequently limited him to light duty work. At the time of the April 22, 1998 accident, Mr. Taylor was able to continue his job at Louisiana Safety Systems although he was still being treated by Dr. Muldowny for continuing problems with his neck and back.
Dr. Muldowny testified that as a result of the April 22, 1998 accident, Mr. Taylor experienced an exacerbation of chronic neck and back condition. Additionally, plaintiff testified since the accident he has suffered from unrelenting back pain. Consequently, Mr. Taylor was taken off work and has never been able to return on a permanent basis. Dr. Muldowny ultimately ordered a functional capacity evaluation for Mr. Taylor. The evaluation revealed that Mr. Taylor is limited to performing work of a sedentary nature.
At trial, the jury found both Mr. Taylor and Bertha Smith to be fifty percent at fault for the accident. Additionally, the jury awarded medical expenses in the amount of $5,049.51 but elected not to award any general damages to plaintiffs. From this judgment, both plaintiffs and defendants appeal.
*806 PLAINTIFFS URGE THE FOLLOWING ASSIGNMENTS OF ERROR:
1. The jury verdict failing to make any award for general damages or lost earnings for Donald Taylor was manifestly erroneous.
2. The jury verdict failing to make any award to Rita Taylor for loss of consortium was manifestly erroneous.
3. The jury verdict awarding one-half of Plaintiff's medical expenses was manifestly erroneous.
DEFENDANTS URGE THE FOLLOWING ASSIGNMENTS OF ERROR:
1. The jury erred in finding that Bertha Smith was fifty percent at fault.
2. The jury erred in awarding medical expenses to Donald Taylor.

LAW AND ANALYSIS
A court of appeal may not set aside a trial court's or a jury's findings of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). Our Supreme Court has set forth a two-part test for the reversal of a factfinder's determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Olivier v. Allstate, 95-306, (La.App. 3 Cir. 10/4/95), 663 So.2d 207, 209; Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the jury's findings. Id. The reviewing court must review the record in its entirety to determine whether the jury's finding was manifestly erroneous. Olivier 663 So.2d at 207.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's was a reasonable one. Id. at 207; Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Although deference to the factfinder should be accorded, the court of appeal and the Louisiana Supreme Court, nonetheless, have a constitutional duty to review facts, Olivier 663 So.2d at 210; Ambrose v. New Orleans Police Dept. Ambulance Serv., 93-3099, pp. 8-9 (La.7/5/94), 639 So.2d 216, 221.

DEFENDANT'S APPEAL:

Apportionment of Fault
The allocation of fault pursuant to the comparative fault article La. Civ. Code art. 2323 is a factual determination. Clement v. Frey, 95-1119, (La.1/16/96), 666 So.2d 607. The appropriate standard of review for a finding of fact in a trial court is clearly wrong or manifestly erroneous. Watson v. State Farm & Casualty Ins. Co., 469 So.2d 967, 968 (La.1985). In determining the percentages of fault the trier of fact shall consider both the nature of the conduct of all parties and the casual relationship between the conduct and the damages claimed. Id. at 974. Due to the dangerous nature of their maneuvers, both the left-turning motorist and the overtaking or passing motorists are required to exercise a high degree of care. Fontenot v. Omni Ins. Group, 99-504 (La. App. 3 Cir. 10/13/99); 745 So.2d 716.
Because Mr. Taylor was making a left turn and Ms. Smith was attempting to overtake or pass Mr. Taylor's forklift, they were both under a duty to use a high degree of care. Ms. Smith testified that she accelerated to "shoot around" Mr. Taylor, *807 and had she waited ten to fifteen seconds the accident would not have occurred. Likewise, Mr. Taylor testified that he did not look behind or to the left of the forklift immediately prior to initiating the left turn.
Upon evaluation of the parties' conduct, taking into consideration the heightened duty of care required of both parties, we determine that the jury's apportioning of fifty percent fault to each party is not manifestly erroneous or clearly wrong. The jury could have reasonably concluded that Ms. Smith was negligent in failing to keep a proper lookout and made an unsafe passing maneuver too close to the intersection. Furthermore, a reasonable trier of fact could have concluded that Mr. Taylor was negligent in failing to insure Ms. Smith had not begun her passing maneuver at the time he began the left turn. Accordingly, we affirm the trial court's ruling regarding the apportionment of fault.

Medical Expenses
Ordinarily, a plaintiff may recover reasonable past and future medical expenses that he incurs as a result of an injury. It is the burden of the plaintiff to prove the existence of the injuries and the causal connection between those injuries and the accident. The plaintiff must show through medical testimony that it is more probable than not the subsequent medical treatment was necessitated by the trauma suffered in the accident. Wainwright v. Fontenot, 99-582 (La.App. 3 Cir.12/8/99), 750 So.2d 1077, rev'd on other grounds, XXXX-XXXX (La.2000), 774 So.2d 70; Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144 (La.App. 3 Cir.) writ denied, 565 So.2d 450 (La.1990); Wells v. Allstate Ins. Co., 510 So.2d 763 (La.App. 1 Cir.) writ denied, 514 So.2d 463(La.1987).
As a result of his injuries, the jury awarded plaintiff medical expenses in the amount of $5,049.51. It is unrefuted that Mr. Taylor was suffering from neck and lower back problems prior to the accident. However, both Mr. Taylor and his treating physician (Dr. Muldowny) testified that the accident on April 22, 1998, aggravated this preexisting condition requiring subsequent medical treatment. Plaintiff submitted medial expenses totaling $10,099.02 which were incurred as a result of his injuries. In light of Dr. Muldowny's testimony and the evidence submitted by plaintiff, we find the jury could have reasonably concluded that plaintiff was injured in the accident and that the subsequent medical treatment was necessitated by those injuries. Accordingly, the jury did not err by awarding medical expenses to plaintiff.

PLAINTIFF'S APPEAL:

General Damages
Before an appellate court can disturb a trial court award, the record must reveal an abuse of discretion by the trier of fact. Coco v. Winston Indus. Inc., 341 So.2d 332 (La.1976). Although prior rulings of this court have held that it is legal error to award special damages without awarding general damages, in Wainwright v. Fontenot, the Supreme Court held that it would be inconsistent with the great deference afforded the factfinder to state that, as a matter of law, such a verdict must always be erroneous. XXXX-XXXX (La.2000), 774 So.2d 70.
Accordingly, it is not necessarily legal error for a jury to award medical expenses without awarding general damages. Rather, a court of appeal faced with such a verdict must ask whether the jury's determination that plaintiff is entitled to medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion. Sallinger v. Robichaux, *808 00-2269 (La.1/05/01), 775 So.2d 437; Wainwright, 774 So.2d 70. "Only after the reviewing court determines that the factfinder has abused its much discretion can that court conduct a de novo review of the record." Wainwright 774 So.2d at 76. Upon a de novo review of the record, an appellate court is not constrained to the lowest or highest amount reasonable. Instead, we are empowered to award an amount which represents appropriate compensation for the damages revealed in the record. Thompson v. Louisiana Dep't of Transp. and Dev., 93-1294 (La.App. 3 Cir. 6/29/94), 639 So.2d 864, writ denied 94-2047 (La.11/4/94); 644 So.2d 1052.
"General damages are those which cannot be fixed with pecuniary exactitude; they involve mental or physical pain or suffering, inconvenience, loss of intellectual gratification, or other losses of lifestyle which cannot by definitely measured in monetary terms." Craven v. Universal Life Ins. Co., 95-1168, p. 17 (La.App. 3 Cir. 3/6/96), 670 So.2d 1358, 1368, writ denied, 96-1332 (La.9/27/96); 679 So.2d 1355.
Despite having previous health problems with his neck and back, at the time of the accident Mr. Taylor was able to maintain an active lifestyle that included his job at Louisiana Safety Systems. Although he has attempted to return to work, the record reveals that Mr. Taylor has experienced lower back pain preventing him for doing so. His treating physician (Dr. Muldowny) testified that the symptoms for which he took Mr. Taylor off of work were caused by an aggravation of his neck and back problems. Dr. Muldowny further testified it is his opinion that this aggravation occurred as a result of the April 22, 1998, accident. In addition to not being able to return to work, Mr. Taylor has suffered pain and soreness while attempting to perform routine tasks around his home. Accordingly, we find that the jury's failure to award damages for pain and suffering was manifestly erroneous and an abuse of discretion. Upon conducting a de novo review of the record, we find an award of $20,000 appropriate subject to reduction consistent with the trial court's apportionment of fault.
In Rowe v. State Farm Mutual Automobile Ins. Co., 95-669, p. 22 (La.App.3 Cir. 3/6/96), 670 So.2d 718, 731, writ denied, 96-0842 (La.5/17/96), 673 So.2d 611, this court stated:
A plaintiff must prove by a preponderance of the evidence that he suffered a loss of earning capacity. Harig v. State of Louisiana, Bd. Of Elem. & Sec. Education, 25,702 (La.App. 2 Cir. 3/30/94), 635 So.2d 485. To do so, he "must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident." Aisole v. Dean, 574 So.2d 1248, 1252 (La.1991). While claims for past lost wages must be established with some degree of certainty, Dupre v. Exxon Pipeline Co., 93-1528 (La.App. 3 Cir. 6/1/94), 638 So.2d 1118, writ denied, 94-2200 (La.11/18/94); 646 So.2d 379, they need not be proven with mathematical certainty, but only by such proof as reasonably establishes the plaintiff's claim. Veazey v. State Farm Mut. Auto Ins., 587 So.2d 5 (La.App. 3 Cir.1991). This award may be supported by the plaintiff's detailed and uncorroborated testimony. Craig v. Burch, 228 So.2d 723 (La.App. 1 Cir. 1969), writ denied, 255 La. 475, 231 So.2d 393 (1970). Additionally, the plaintiff's work experience and earning history is particularly useful in calculating the amount due for loss of income. Morris v. Highlands Ins. Co., 525 So.2d 125 (La.App. 3 Cir.1988).
*809 The record reveals Mr. Taylor has been a regular and consistent worker all of his life. Mr. Taylor left school in the fifth grade and began working on the farm at the age of 15. Due to his apparent lack of training, Mr. Taylor's jobs have mostly been that of manual labor. Prior to his disabling accident, he worked approximately eight years with Louisiana Safety Systems. Until the accident, Mr. Taylor had always been able to earn a living for himself and his family.
Mr. Taylor has presented medical evidence that establishes with reasonable certainty that he has a residual disability causally related to the accident. The functional capacity exam ordered by Dr. Muldowny and performed by Glen Hebert (a vocational rehabilitation counselor) suggest that Mr. Taylor is limited to sedentary work (lifting less than 10 pounds). Mr. Herbert testified that since Mr. Taylor is illiterate, with no vocational training, he is likely permanently disabled. Additionally, Mr. Taylor testified that because of his injuries he is no longer able to perform jobs that entail manual labor.
A comprehensive review of the record indicates that the plaintiff has proven loss of earning capacity. Accordingly, we find that the jury's failure to award damages for loss of earning capacity was manifestly erroneous and an abuse of discretion. Upon conducting a de novo review of the record, considering the evidence presented by the plaintiff in light of his preexisting neck and back problems, we find an award for loss of earning capacity in the amount of $20,000 is appropriate subject to reduction consistent with the trial court's apportionment of fault.

Loss of Consortium Damages
Rita Taylor (wife of Donald Taylor) appeals the jury's failure to award her damages for her loss of consortium claim. "The compensable elements of damage in a loss of consortium claim are loss of society, sex, service, and support. `Society' is broader than loss of sexual relations. It includes general love, companionship, and affection that the spouse loses as a result of the injury. `Service' is uncompensated work around the house or educational help with the children which will, as a result of the injury, have to be obtained from another source and at some price." Roberts v. State, 2000-778, (La. App. 3 Cir. 11/14/00), 776 So.2d 519, writ denied 00-3307 (La.2/2/01), 784 So.2d 8.
Mrs. Taylor's testimony established a significant degree of loss of society, sex, service, and support resulting from the effects of Mr. Taylor's injury. She testified as a result of the accident, Mr. Taylor has become more irritable and their relationship has not been the same. Additionally, prior to the accident, he was able to help around the home by mowing the lawn and taking care of the trash. Because of pain, Mr. Taylor is no longer able to perform these duties leaving Mrs. Taylor responsible.
We find that the jury's failure to award damages for loss of consortium manifestly erroneous and an abuse of discretion. After a de novo review considering the nature of Mr. Taylor's injuries and the impact the injuries have had on his relationship with Mrs. Taylor, we find the amount of $5,000 to be appropriate subject to reduction in accordance with the trial court's apportionment of fault.

Medical Expenses
The record reveals that the medical expenses submitted on behalf of Donald Taylor totaled $10,099.02. The jury awarded Plaintiff exactly one-half ($5,049.51). It is the job of the factfinder to calculate damages upon a determination of fault; however, it is not the factfinder's duty to reduce an award by *810 any percentages of fault. The Court has the duty to apportion the damages according to such percentages determined by the factfinder.
By reducing the award of medical expenses by exactly one-half, the jury disregarded the trial court's instructions thereby usurping the function of the court. Thus, we find the jury committed an error of law by awarding medical damages for exactly one-half of the total expenses incurred by Mr. Taylor. Accordingly, we award Mr. Taylor the full amount of medical expenses ($10,099.02) subject to apportionment according to the fault attributed to Mr. Taylor.

Decree
For the foregoing reasons, we award damages to the plaintiffs as follows:

Past Medical Expenses $10,099.02
Physical Pain and Suffering $20,000.00
Loss of Earning Capacity $20,000.00
Loss of Consortium $ 5,000.00

We affirm the allocation of fifty percent fault to Plaintiffs and fifty percent fault to Defendants. All costs are assigned against defendants.
AFFIRMED IN PART; REVERSED IN PART.