775 So.2d 437 (2001)
Michael SALLINGER
v.
Glenn ROBICHAUX, d/b/a Robichaux Quick Stop, et al.
No. 00-C-2269.
Supreme Court of Louisiana.
January 5, 2001.
PER CURIAM.
Granted in part, otherwise denied. The Court of Appeal concluded that it was legal error for the jury to award the plaintiff special damages for medical expenses yet decline to make any award for general damages. Because it had found legal error, the Court of Appeal then conducted a de novo review of the record and determined that the plaintiff was entitled to general damages of $65,000.00. This de novo review by the Court of Appeal was improper. Our recent decision in Wainwright v. Fontenot, 774 So.2d 70 (La.2000), makes it clear that it is not necessarily legal error for a jury to award medical expenses without awarding general damages for pain and suffering. Rather, a Court of Appeal faced with such a verdict must review the jury's factual findings as to damages under the normal manifest error standard. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Because the Court of Appeal conducted its review of damages de novo rather than under the proper abuse of discretion standard, we vacate the award of $65,000.00 in general damages and remand the case to the Court of Appeal. In so doing, we make no comment as to the jury's determination of damages. We rather direct the court below to review the jury's verdict under the appropriate abuse of discretion standard as dictated by Wainwright. Accordingly, the Court of Appeal's award of damages is VACATED, and the case is REMANDED to the Court of Appeal for it to review the jury's verdict under an abuse of discretion standard.