STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

BRANDI BROUSSARD, ET AL.

VERSUS

MICHELLE FREDERICKS, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 99770-E
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLIE COLOMBARO WOODARD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Elizabeth A. Pickett, and John B. Scofield,[*] Judges.

AFFIRMED AS AMENDED.

Aaron Jay Allen
Attorney at Law
Post Office Drawer 3204
Lafayette, Louisiana 70502-3204
(337) 232-9918
Counsel for Plaintiff/Appellant:
    Brandi Broussard

Troy Aaron Broussard
Allen & Gooch
Post Office Drawer 3768
Lafayette, Louisiana 70502-3768
(337) 291-1371
Counsel for Defendants/Appellees:
    Virginia Surety Company
    Agnes McDevitt

Preston D. Cloyd
Attorney at Law
Post Office Box 53951
Lafayette, Louisiana 70505-3951
(337) 289-6906
Counsel for Defendants/Appellees:
    State Farm Mutual Auto
    Insurance Company
    Michelle Fredericks

_____

[*]Judge John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore*.

WOODARD, Judge.

Ms. Brandi Broussard appeals a jury verdict, awarding her only $1,000.00 for past medical expenses for injuries she received in an automobile accident and $500.00 for past medical expenses for her minor son, Devon Sam. We amend the judgment to Devon to reflect a total of $667.00 for his past medical expenses.

* * * * *

This case arises from an automobile accident between Ms. Frederick and Sister Agnes McDevvitt. Both claim that she had a green light; thus, each proceeded into the intersection where they collided. Michelle had two passengers in her car, Brandi Broussard and her two-year-old son, Devon Sam. Brandi filed suit against Michelle and her insurer and Sister Agnes and her insurer, including a claim on Devon's behalf. A jury found that Michelle was totally at fault for the accident and awarded Brandi $1,000.00 for past medical expenses and Devon $500.00 for past medical expenses.

Brandi does not appeal the jury's fault allocation. She appeals, only, its damage awards to her and Devon.

* * * * *

**STANDARD OF REVIEW**

The jury has great, even vast, discretion in awarding general damages.[1] "Although prior rulings of this court have held that it is legal error to award special damages without awarding general damages, in *Wainwright v. Fontenot*, the Supreme Court held that it would be inconsistent with the great deference afforded the factfinder to state that, as a matter of law, such a verdict must always be erroneous."[2] Further, the supreme court found that what appeared to be a blanket rule in some

---

[1] *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994).

[2] *Taylor v. State Farm Mut. Auto. Ins. Co.*, 01-317, pp. 6-7 (La.App. 3 Cir. 10/3/01), 796 So.2d 802, 807 (citing *Wainwright v. Fontenot*, 00-492 (La. 10/17/00), 774 So.2d 70).

1

lower courts was, in actuality, an abuse of discretion review.[3]  Specifically, the supreme court found that, even though the lower courts purported to find legal error *per se* in a verdict that awarded medical expenses without awarding any general damages, in substance, those courts were actually basing their rulings on the fact that the jury's verdict was inconsistent.[4]  The court noted, however, that such a verdict did not automatically reflect any inconsistency.  It explicitly sanctioned this circuit's affirmation of awards of special damages without an award of general damages.[5] Subsequently, in *Sallinger v. Robichaux*,[6] the supreme court reaffirmed that "a Court of Appeal faced with such a verdict must review the jury's factual findings as to damages under the normal manifest error standard."

A review of *Wainwright* and the specific cases the supreme court discussed in its analysis reveals that an award of special damages, absent any award of general damages, may not constitute an abuse of discretion when there is a question concerning whether the defendant's fault caused any actual injuries.  Where the defendant's actions caused a plaintiff to be concerned about his or her health and resulted in the plaintiff seeking an assessment or evaluation, we have found that the plaintiff should be compensated for such an assessment even if, ultimately, it leads to a finding that the plaintiff has suffered no injury.[7]  In such cases, an award of medical expenses without an accompanying award of general damages does not constitute manifest error.[8]

**DEVON SAM'S DAMAGES**

The jury awarded $500.00 for Devon's past medical expenses.  His mother testified:

---

[3]*Wainwright*, 774 So.2d 70.

[4]*Id.*

[5]*Id.*

[6]00-2269 (La. 1/05/01), 775 So.2d 437 (per curiam).

[7]*See, e.g., Coleman v. U.S. Fire Ins. Co.*, 571 So.2d 213 (La.App. 3 Cir. 1990); *Olivier v. Sears Roebuck & Co.*, 499 So.2d 1058 (La.App. 3 Cir.), *writ denied*, 501 So.2d 198 (La.1986).

[8]*See Id.*

Q. Your son, Devin [sic] Sam, he had a little contusion underneath his cheek?

A. Abrasion, yes.

Q. A bruise?

A. Yes.

Q. And that was it.

A. Yes, sir.

Q. The didn't give him any medicine, correct?

A. Correct.

Q. They didn't take any x-rays?

A. I don't think so.

Q. And he's never gone back to a doctor as a result of anything from this motor vehicle accident. Is that correct?

A. I don't believe so.

Accordingly, we cannot say that awarding, only, past medical expenses to Devon constitutes an abuse of discretion. However, Devon's expenses for medical treatment the day of the accident total $667.00. Namely, $485.00 for the ambulance and $182.00 for the hospital examination. Thus, we do find that the jury arbitrarily assessed past medical expenses at $500.00 and amend its judgment to reflect the entire amount which he is due.

However, we find no abuse of discretion in its failure to award damages for loss of consortium.

### BRANDI BROUSSARD'S DAMAGES

Brandi testified that her problems at the scene were "[m]y head and my neck and a little bit of my back." She and Devon went by ambulance to Iberia General, which examined and released both her and her son. She testified that the pain in her back increased the following day. Ms. Frederick verified that Brandi indicated that her head and neck were hurting after the accident.

3

She sought further treatment on May 20, 2002, a little over a month after the accident, from Dr. Robert D. Franklin, a physician in the field of physical medicine and rehabilitation. He diagnosed her with a cervical lumbar strain or soft tissue type injury in the neck and low back. He did find objective symptoms at that time; namely, a stiff back.

Dr. Franklin treated Brandi on four occasions. In October 2002, he ordered an MRI which revealed a bulging disc and herniation, though it did not appear to be significant on impinging nerve roots or the exiting nerves. He referred her to Dr. John Cobb, an orthopedic surgeon, who saw her on one occasion. Dr. Cobb recommended injections and possibly surgery, depending on the injections' effectiveness.

The jury awarded Brandi $1,000.00 in past medical expenses and no general damages. Obviously, it found that the accident did not cause the bulge and herniation. The record reasonably supports this finding.

The Louisiana Supreme Court articulated the burden of proof in establishing the source of an injury, as follows:

> In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident.[9]

The car accident occurred in April 2002 and a lumbar MRI, taken on October 24, 2002, revealed these conditions. Additionally, given Dr. Franklin's testimony that a person can have a herniated disc without having any problems, the jury could have disbelieved Brandi's testimony regarding her subjective pain complaints.

The Defendants presented a plethora of evidence to diminish Brandi's credibility and, also, pointed out her failure to mitigate any alleged damages by neglecting to follow the course of treatment Dr. Franklin prescribed.

For example, Brandi admitted that she had been attending substance abuse treatment approximately four days a week at the time she gave a prior deposition;

---

[9]*Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, 94-2615, p. 3 (La.2/20/95), 650 So.2d 757, 759 (citations omitted).

when defense counsel pointed out that Brandi had testified in that deposition that she had never been treated or counseled for drug or alcohol abuse, she stated that it probably slipped her mind. Additionally, in that same deposition, when questioned about any other accidents subsequent to the car wreck, she did not disclose that she had fallen down some steps the day before. She had also stated that she was wearing a seatbelt and that her son was in the car seat in the back, even though neither was true.

Brandi missed half of her appointments with Dr. Franklin, and the physical therapist to whom he referred her discharged her after she failed to attend most of the visits. Thus, it can be argued that she did not respond to conservative treatment because she did not seek the recommended treatment.

Furthermore, Brandi went on a few trips with her boyfriend in an 18-wheeler, starting around September 2002, which was prior to the MRI. She admitted that these long trips in the truck caused additional pain in her back, leg, and neck. Accordingly, the jury could have reasonably determined that her bulging disc and herniation were not the result of the accident and/or that Brandi's subjective complaints of accompanying pain were not credible.

Nonetheless, Dr. Franklin did find objective symptoms during her first evaluation. He found that she had a stiff back and diagnosed her with a cervical lumbar strain or soft tissue type injury in the neck and low back. He testified:

> A. Individuals that have significant low back pain and referred symptoms tend to seek medical care. You know, I would like to think that if she had significant underlying type problems that she would have sought medical care, sir. ***Whether the disc was caused or aggravated by the accident, I don't know. Whether her underlying degenerative changes were aggravated by the alleged accident, I don't know.*** That's plausible. ***I took her at her word of it that she, you know, had no significant type back problems and pretty much had a negative past history. That appears not to be the case now.*** When I saw her, I mean, she was forward flexed from the waist, she had a stiff back, she guarded on exam, she looked hurt or I wouldn't have give [sic] her the Lortab with my initial consultation. She appears to have at least been injured in some fashion in that accident. At least I believed her at the time and treated her as such for quite some time, sir.

5

Accordingly, we do not find that the jury abused its discretion in failing to award Brandi any general damages as it had a reasonable basis to believe that she was malingering and/or the accident had not caused her pain.

## CONCLUSION

We amend the past medical expense award to Devon Sam to $667.00 . We cast the costs of this appeal equally on the parties.

**AFFIRMED AS AMENDED.**

6